# EXHIBIT 1

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una Hamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aYiso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede Hamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denurninada abajo como "Plaintifti'Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-877 l o Voice (V) 1-800-955-8770, via Florida Relay Service.

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre Yous. Yous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-

jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si Yous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Tl y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, ii vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service."

**DANIEL H HUNT, ESQ.**
**POST OFFICE BOX 565096**
**MIAMI, FL 33256**

4

Filing # 167699826 E-Filed 02/28/2023 12:31:31 PM

IN THE CIRCUIT COURT OF THE
4TH JUDICIAL CIRUCIT IN AND FOR
DUVAL COUNTY, FLORIDA

DESTINY BENNETT,

        Plaintiff,                     CASE NO.

v.

UNITED PARCEL SERVICE, INC.,
a Foreign Profit Corporation,

        Defendant.

_____/

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

      Plaintiff, DESTINY BENNETT (hereinafter "Plaintiff"), by and through his undersigned counsel, , hereby alleges the following violations of law against Defendant, UNITED PARCEL SERVICE, INC., (hereinafter "Defendant"), and seeks redress for same in this his Complaint and Demand for Jury Trial. Plaintiff states the following in support of her claim:

### JURISDICTION AND VENUE

1.     This action seeks damages in excess of $50,000.00, independent of attorney's fees, costs, and interest, as a result of Defendant's sexual harassment, sex discrimination, and constructive termination of Plaintiff's employment in violation of the Florida Civil Rights Act, 760.01, et seq., Florida Statutes ("FCRA").

2.     Defendant is a Foreign Profit Corporation with its principal place of business at 4255 Jane E Casey Dr., Jacksonville, FL 32219. Defendant is a registered Foreign Profit Corporation with a registered agent in Tallahassee, FL and as such, subject to jurisdiction anywhere in the State of Florida where they conduct business.

3.    Defendant operates a worldwide delivery service and warehouse for distribution at the location where plaintiff worked.

4.    Plaintiff was at all relevant times a resident of Duval County, Florida.

5.    Plaintiff was at all relevant times (approximately March of 2022 through the present) an employee of Defendant.

6.    At all relevant times, Defendant was Plaintiff's employer and employed no less than 15 or more employees for each of 20 or more work weeks in the current or preceding year.

7.    Defendant is accordingly an "employer" as defined by the FCRA.

8.    Plaintiff alleges causes of action for sex discrimination and sexual harassment under the FCRA, as a result of the repeated sexual harassment she experienced by Defendant, more specifically Elroy, a fellow supervisor that had authority over Plaintiff.

9.    The violations complained of herein occurred in the city of Jacksonville, Duval County, Florida.

10.    As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about May 18, 2022, claiming sexual harassment and sex discrimination.

11.    Plaintiff's Charge of Discrimination was dual filed with the Florida Commission on Human Relations ("FCHR"), the state equivalent of the EEOC as is permitted and noted on the Charge of Discrimination which was assigned the charge number in paragraph 12.

12.    The EEOC has assigned internal classification No. 510-2022-05019 and right to sue on December 1, 2022.  Defendant has been copied with the Charge and Right to Sue by the EEOC.

2

13. The Right to Sue was signed by Evangeline Hawthorne, acting director, digitally on the above date a copy was forwarded to Jessica Cleveland of Schmoyer Reinhard LLP and Gerlad Lopez at UPS.

14. This complaint has been filed timely pursuant to the FCRA and Florida Law.

15. Plaintiff has accordingly exhausted his administrative remedies prior to initiating the instant suit. Plaintiff complied with the pre-suit procedures set forth in Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. section 2000e-5(f)(1), and the Florida Civil Rights Act (FCRA), section 760.11, Florida Statutes (2009).

## FACTUAL ALLEGATIONS

16. Plaintiff is a female.

17. Plaintiff became employed by Defendant on or about September 5, 2017 and was constructively terminated on April 30, 2022.

18. Plaintiff was targeted by Elroy LNU who had the same title but also had the ability to instruct and give orders to Plaintiff.

19. Elroy would drive plaintiff to work and regularly assigned Plaintiff trucks to load and unload though this was not her job responsibility as she was supposed to be supervising other employees loading and unloading trucks at the distribution center.

20. Elroy made comments to Plaintiff of a sexual, unwanted and abusive nature which are outlined in the EEOC Charge of Discrimination.

21. On one occasion, Elroy instructed plaintiff to report for work, picked her up to take her to work and then brought her to a hotel. He told her that he had lied and they were actually to report to work three hours later. He asked plaintiff to wait in the hotel room while he got ready and he then attempted to rape Plaintiff.

3

22. Plaintiff reported this to her supervisor Jonathan Harry and filed many complaints with Human Resources.

23. Subsequent to the above incident, Plaintiff was in the car with Elroy on March 28, 2022 when he sexually assaulted Plaintiff reported this to HR on March 30, 2022.

24. Defendant failed to act, investigate or protect Plaintiff. Defendant failed to do so because she is a female and Elroy is a Male.

25. Plaintiff reported her concerns about being forced to continue to work with Elroy and Defendant put Plaintiff on leave for a month.

26. When plaintiff returned from Leave at the end of April, 2022, she was placed again the same location with Elroy who would stare at her constantly.

27. Elroy was permitted to give a speech about productivity but instead gave a speech for plaintiff discussing the fact that she must leave her personal issues outside of Defendant's location.

28. Plaintiff was interviewed when she submitted her resignation noting that it was due to sexual harassment. Defendant involved the Union in the meeting with HR when plaintiff was told to leave immediately. Other witnesses include Joseph LNU and Gary LNU. Nathaly was also a supervisor who Plaintiff reported the sexual assault to and Jonathan Harris was also involved.

29. Plaintiff was constructively terminated as she could no longer work in the same location as Elroy, something Defendant had forced her to do.

30. On or about May 21, 2022, Plaintiff filed her  EEOC Charge of Discrimination for sex harassment/discrimination and was subsequently constructively terminated

4

31.    A Right to Sue was issued on December 1, 2022. Both documents are in Defendant's possession and attached hereto as Exhibits A and B.

## COUNT I
### SEXUAL HARASSMENT UNDER THE FCRA

32.    Plaintiff reasserts his allegations in paragraph 1-31 as if fully set forth herein.

33.    Section 760.10 of the FCRA states in relevant part:

"(1)    It is an unlawful employment practice for an employer:

(a)    To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

34.    As part of its prohibitions, the FCRA prohibits sexual harassment and discrimination.

35.    The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the FCRA.

36.    In addition, the treatment to which Plaintiff was subjected operated as a demand for a sexual relationship and/or abuse for refusing to engage in a relationship with Elroy as stated above, in violation of the FCRA. Furthermore, Defendant punished plaintiff for reporting the incident without any repercussions or suspensions for her harasser.

37.    The sexually harassing conduct to which Plaintiff was subjected was perpetrated against her as a result of her sex (female), and constituted actionable sexual harassment. Defendant and Elroy did not treat Male employees in this manner.

38.    Plaintiff rejected Elroy's sexual advances and complained to HR demanding to be protected and moved to another location. Defendant failed to do what was right under the law.

39.   Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's placement with her harasser after she was suspended are pretextual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of Defendant's conduct.

40.   Even if Defendant could assert legitimate reasons for its adverse treatment/actions against Plaintiff and Plaintiff's constructive termination, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's constructive termination.

41.   As a result of the sexually harassing conduct to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits.  Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.  Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

42.   Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct as is statutorily allowed under the FCRA.

43.   Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages, and attorney's fees and costs as a result of Defendant's conduct in violation of the FCRA.

**COUNT II**
**SEX/GENDER DISCRIMINATION UNDER THE FCRA**

44.　Plaintiff reasserts his allegations in the paragraphs above as if fully set forth herein.

45.　Section 760.10 of the FCRA states in relevant part:

"(1)　It is an unlawful employment practice for an employer:

(a)　To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

46.　The FCRA accordingly prohibits discrimination based on sex.

47.　The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which other male individuals were not and would not have been subjected, in violation of the FCRA.

48.　Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's constructive termination are pretextual and asserted only to cover up the discriminatory nature of its conduct.

49.　Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's sex/gender was also a motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's abusive treatment by Laura and eventual constructive termination.

50.　As a result of Defendant's willful and malicious discriminatory actions as a result of her sex, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits.  Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity

7

damages.  Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

51.    Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious discriminatory conduct as is allowed by the FCRA.

52.    Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages per statute, and attorney's fees and costs as a result of Defendant's discriminatory conduct in violation of the FCRA.

**JURY TRIAL DEMAND**

53.    Plaintiff demands a trial by jury on each of his above claims.

Dated: February 28, 2023

Respectfully submitted,

/s/*Daniel H. Hunt*

Daniel H. Hunt, Esq.
Florida Bar No. 121247
P.O. Box 565096
Miami, FL 33256
Tel. (305) 495-5593
dhuntlaw@gmail.com

Attorney for Plaintiff

# EXHIBIT 1

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | _X_ FEPA (FCHR)<br>_X_ EEOC<br>___ MDCCHR | |

EEOC – U.S. Equal Employment Opportunity Commission
FCHR – Florida Commission on Human Relations,
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*)<br>DESTINY BENNETT<br>Destinymichelle636@yahoo.com | Home Phone (Incl. Area Code)<br>904-678-0790 | Date of Birth<br>August 3, 2000 |
|---|---|---|
| Street Address<br>8815 Circle Street North | City, State and ZIP Code<br>Jacksonville, FL 32222 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>United Parcel Service<br>myhr@ups.com | No. Employees, Members<br>15+ | Phone No. (Include Area Code)<br>855-877-4772 |
|---|---|---|
| Street Address<br>4255 Jane E Casey Dr. | City, State and ZIP Code<br>Jacksonville, FL 32219 | |

| DISCRIMINATION BASED ON (*Check appropriate box(es).*) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ___ RACE ___ COLOR _X_ SEX ___ RELIGION ___ NATIONAL ORIGIN<br><br>___ RETALIATION ___ AGE ___ DISABILITY _X_ OTHER (Sexual Harassment) | Earliest            Latest<br>March 28, 2022    March 30, 2022<br>___ CONTINUING ACTION |

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

I am employed by UPS working at there distribution center in Jacksonville. I am a supervisor. I do not have a car and had an arrangement wherein another supervisor, Elroy, would drive her to and from work as their shifts overlapped. UPS was aware of this arrangement. Elroy and I had the same job title and position however Elroy was given authority over me that he would instruct Ito engage in loading activities when they were understaffed and I was required to comply.

Elroy has a history of engaging in sexual harassment of females at UPS and was in fact suspended for a period of time prior to this incident by UPS.

During 2022, Elroy would instruct me to load trucks and when she was alone in trucks, he would go into the truck and make sexual advances towards me. Also, Elroy made comments such as, "let me eat it" and "put your mouth on it." While gesturing towards Complainants and/or his body parts. I reported everything.

On one instance earlier this year, Elroy instructed me that I was to report for work at 12. He picked me up and took me to a Hotel claiming that he was staying there and had to change. I waited for him in the room and he exited the restroom without his clothing and attempted to have relations with me, I refused. I told him I was a rape victim and extremely uncomfortable with the inappropriate situation. I also informed him that I was in a relationship with someone else and not someone who would cheat. Elroy's actions were a pretext for sexual harassment. Elroy confessed that I was actually supposed to report to work at 3:30 and he lied to me in order to get me into the hotel room.

I complained by text to her supervisor Jonathan Harry and filed various complaints with Human Resources.

Subsequent to the above incident, I was in the car with Elroy getting a ride home on March 28, 2022. Without consent and against my will, he put his hands on me and felt me up. I am traumatized and again complained to my employer on March 30, 2022. I was instructed to write everything down and I complied with the HR requests and provided a written account.

DB
iD BR9jiIrtwdDuxYuxShLW4z78

Instead of firing or transferring this repeat offender and sexual harasser, I was assigned to work in the same area as Elroy after these incidents. I also reported my concerns to Brandon who did nothing.

UPS has a history of terminating employees in these situations and protecting the victims. In my case, UPS failed to act timely, appropriately and/or to protect my rights. Furthermore, I was forced this week to attend meetings with my harasser. I am seeing a doctor because of these issues and I am traumatized and afraid to return to work.

Throughout my employment I was able to perform the essential functions of my job duties and responsibilities, and at all relevant times I did perform my job at satisfactory or above-satisfactory levels. Any reason given by my employer for the adverse employment actions is mere pretext for unlawful discrimination and retaliation. I believe that I have been discriminated against in violation of Title VII, the Civil Rights Act of 1964, The A, the Florida Civil Rights Act, and local laws.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>5/18/2022　　　　ID BR8jjirtwdDuxYux5hLW4z78<br>_____　　　_____<br>*Date*　　　　*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>ID BR9jjirtwdDuxYux5hLW4z78<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **BR9jjirtwdDuxYux5hLW4z78** |
| Signed by: | Destiny Bennett |
| Sent to email: | destinymichelle636@yahoo.com |
| IP Address: | 172.56.26.12 |
| Signed at: | May 18 2022, 5:18 pm EDT |

# EXHIBIT 2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Miami District Office
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 12/01/2022

**To:** Destiny Bennett
8815 Pisces cir n
Jacksonville, FL 32222
Charge No: 510-2022-05019

EEOC Representative and email:    EDRAS REGISME
Federal Investigator
Edras.Regisme@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2022-05019.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
12/01/2022
Evangeline Hawthorne
District Director

**Cc:**
Jessica  Cleveland
Schmoyer Reinhard LLP
8000 W INTERSTATE 10 STE 1600
San Antonio, TX 78230

Gerald  Lopez
UPS
55 Glen Lake Parkway
Atlanta, GA 30328

Daniel H Hunt
Daniel H. Hunt Esq. Attorney at Law
PO Box 595096
Miami, FL 33256

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 510-2022-05019 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500

Miami, FL 33131.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

Filing # 167699826 E-Filed 02/28/2023 12:31:31 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FOURTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>DUVAL</u>   COUNTY, FLORIDA

Plaintiff                                                      Case # _____

                                                                  Judge  _____

vs.

Defendant

### II.    AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.    TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>2</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Daniel Harrison Hunt</u>      Fla. Bar # <u>121247</u>
      Attorney or party           (Bar # if attorney)

<u>Daniel Harrison Hunt</u>          <u>02/28/2023</u>
 (type or print name)         Date